


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3-24CR-191-K |
| v. | |
| THELMA MARSHELL ANDERSON | |

## INDICTMENT

The Grand Jury charges:

At times relevant to this Indictment:

### General Allegations

1. The Paycheck Protection Program ("PPP"), implemented by the Small Business Administration, was a COVID-19 relief program that, among other things, provided small businesses with forgivable loans to pay for payroll and certain other expenses. Under the PPP, participating third-party lenders approved loan applications and disbursed PPP loans to qualifying businesses.

2. To obtain a PPP loan, a business was required to submit a PPP loan application to a third-party lender. In the PPP loan application, the business was required to state, among other things, the business's average monthly payroll expenses and its number of employees. This payroll information was used to calculate the amount of funds the business was eligible to receive as a PPP loan.

3. Liberty SBF Holdings, LLC ("Liberty SBF Holdings") was a commercial real estate finance company that acted as a third-party lender for PPP loans.

Indictment—Page 1

4.  Between on or about July 5, 2016, and on or about March 25, 2022, defendant **Thelma Marshell Anderson** was employed full-time as an Assistant District Attorney for the Dallas County District Attorney's Office.  Pursuant to her role as an Assistant District Attorney, **Anderson** was prohibited from having outside employment without express authorization from the Dallas County District Attorney's Office. **Anderson** did not request nor receive any such authorization while employed as an Assistant District Attorney.

5.  On or about November 30, 2018, defendant **Thelma Marshell Anderson** opened a JPMorgan Chase Bank, NA ("JPMorgan Chase Bank") business checking account ending in 9086 in the name of Thelma Lou Limited Liability Company ("Thelma Lou") at the JPMorgan Chase Bank in Grand Prairie, Texas.  JPMorgan Chase was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

6.  On or about February 17, 2021, defendant **Thelma Marshell Anderson** opened a Navy Federal Credit Union ("NFCU") business checking account ending in 5721 and a NFCU business savings account ending in 9192 in the name of Thelma Lou. NFCU was a financial institution, the deposits of which were insured by the National Credit Union Administration.

7.  On or about February 4, 2021, a PPP loan application was submitted to Liberty SBH Holdings for the entity Thelma Lou.  Defendant **Thelma Marshell Anderson** was identified as the sole member of the entity Thelma Lou that was purportedly doing business in Irving, Texas.

Indictment—Page 2

Count One
Wire Fraud
[Violation of 18 U.S.C. § 1343]

8. Paragraphs 1 through 7 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

9. On or about February 18, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, defendant **Thelma Marshell Anderson** did knowingly and willfully devise and intend to devise a scheme to defraud for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause a wire communications to be transmitted in interstate commerce, that is, the wire transfer of approximately $20,817 in PPP loan proceeds from Liberty SBF Holdings's bank account to the Thelma Lou JPMorgan Chase Bank account ending in 9086.

The Scheme to Defraud

10. On or about February 4, 2021, defendant **Thelma Marshell Anderson** submitted, and caused to be submitted, to Liberty SBF Holdings, via the internet, an application for a PPP loan on behalf of Thelma Lou, that misrepresented Thelma Lou's payroll and gross sales information.

11. It was further part of the scheme that defendant **Thelma Marshell Anderson** falsely claimed in the loan application that Thelma Lou had average monthly payroll expenses of $8,327. In support of the fraudulent application, **Anderson** also submitted, and caused to be submitted, to Liberty SBF Holdings, a fraudulent Internal

Revenue Service ("IRS") Form 1040, Schedule C, for Thelma Lou claiming that Thelma Lou had gross sales of $142,773 in 2019.

12. Thereafter, on or about February 18, 2021, approximately $20,817, consisting of the fraudulent PPP loan proceeds, was wired via ACH transfer from Liberty SBF Holdings's bank account in Virginia to the Thelma Lou JPMorgan Chase Bank account ending in 9086.

13. Subsequent to the $20,8017 ACH transfer into the Thelma Lou JPMorgan Chase Bank account, the defendant **Thelma Marshell Anderson** transferred $17,000 from the Thelma Lou JPMorgan Chase Bank account to the Thelma Lou NFCU business checking account ending 5721. That is, on or about April 13, 2021, **Anderson** withdrew $5,000 from the Thelma Lou JPMorgan Chase Bank account, and thereafter deposited it into the Thelma Lou NFCU business checking account ending in 5721. Then, on or about April 23, 2021, **Anderson** withdrew $12,000 from the Thelma Lou JPMorgan Chase Bank account, and thereafter deposited it into the Thelma Lou NFCU business checking account ending in 5721.

14. On or about April 26, 2021, defendant **Thelma Marshell Anderson** transferred the $17,000 in PPP loan proceeds from the Thelma Lou NFCU business checking account ending in 5721 to the Thelma Lou NFCU business savings account ending in 9192. Thereafter, **Anderson** used the funds for personal expenses including rent, food, and entertainment.

15. On or about October 4, 2021, defendant **Thelma Marshell Anderson** applied to have her PPP loan forgiven. As part of that application, **Anderson** falsely

claimed that she spent $17,500 of the original PPP loan amount on payroll costs. The full amount of **Anderson's** PPP loan was subsequently forgiven.

All in violation of 18 U.S.C. § 1343.

Count Two
Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity
[Violation of 18 U.S.C. § 1957)]

16.   Paragraphs 1 through 7 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17.   On or about April 23, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, defendant **Thelma Marshell Anderson** did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, that is, a withdrawal of $12,000, from the Thelma Lou JPMorgan Chase account ending in 9086, such property having been derived from a specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343.

All in violation of 18 U.S.C. § 1957.

Count Three
Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity
[Violation of 18 U.S.C. § 1957)]

18. Paragraphs 1 through 7 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

19. On or about April 26, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, defendant **Thelma Marshell Anderson** did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, that is, an transfer of $17,000 from the Thelma Lou NFCU business checking account ending in 5721 to the Thelma Lou NFCU business savings account ending in 9192, such property having been derived from a specified unlawful activity, that is wire fraud, a violation of 18 U.S.C. § 1343.

All in violation of 18 U.S.C. § 1957.

Forfeiture Notice
[18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 982(a)(1)]

20. Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21. Upon conviction for the offense alleged in Count One of this Indictment, and pursuant to 18 U.S.C. § 982(a)(2)(A), defendant **Thelma Marshell Anderson** shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense.

22. Upon conviction for any of the offenses alleged in Counts Two and Three of this Indictment, and pursuant to 18 U.S.C. § 982(a)(1), defendant **Thelma Marshell Anderson** shall forfeit to the United States any property, real or personal, involved in, or traceable to property involved in, the respective offense.

23. Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

A TRUE BILL:

_____
FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
RYAN P. NIEDERMAIR
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce, Third Floor
Dallas, TX 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
E-mail: ryan.niedermair@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

THELMA MARSHELL ANDERSON

INDICTMENT

18 U.S.C. § 1343
Wire Fraud
(Count 1)

18 U.S.C. § 1957
Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity
(Counts 2 and 3)

18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 982(a)(1)
Forfeiture Notice

3 Counts

A true bill rendered

_____
DALLAS                              FOREPERSON

Filed in open court this 21st day of May, 2024.

-------------------------------------------------

**Summons to Issue**

-------------------------------------------------

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending