

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:24-CR-191-K |
| v. | |
| THELMA MARSHELL ANDERSON | |

## FACTUAL RESUME

In support of defendant Thelma Marshell Anderson's plea of guilty to the offense in Count One of the indictment, Anderson, the defendant; Nick Oberheiden and Lynette S. Byrd, the defendant's attorneys; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 1343, that is, Wire Fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly devised or intended to devise a scheme to defraud as described in the indictment;

*Second.*   That the scheme to defraud employed false material representations, pretenses, and promises;

*Third.*   That the defendant transmitted or caused to be transmitted by means of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing the scheme; and

*Fourth.*   That the defendant acted with a specific intent to defraud.

---

[1] Fifth Circuit Pattern Jury Instructions § 2.57 (2019)

Factual Resume—Page 1

## STIPULATED FACTS

1.  Defendant Thelma Marshell Anderson admits and agrees that the Paycheck Protection Program ("PPP"), implemented by the Small Business Administration ("SBA"), was a COVID-19 relief initiative that, among other things, provided small businesses with forgivable loans to pay for payroll and certain other expenses. Under the PPP, participating third-party lenders approved loan applications and disbursed PPP loans to qualifying businesses. Anderson admits she knew that, to obtain a PPP loan, a business was required to submit a PPP loan application to a lender. In the PPP loan application, the business was required to state, among other things, the business's average monthly payroll and its number of employees. This payroll information was used to calculate the amount of funds that the business was eligible to receive as a PPP loan. Liberty SBF Holdings, LLC ("Liberty SBF Holdings") was a commercial real estate finance company that acted as a third-party lender for PPP loans.

2.  Anderson agrees and admits that, on or about November 30, 2018, she opened a JPMorgan Chase Bank, NA ("JPMorgan Chase Bank") business checking account ending in 9086 in the name of Thelma Lou Limited Liability Company ("Thelma Lou") at the JPMorgan Chase Bank in Grand Prairie, Texas, which is located in the Dallas Division of the Northern District of Texas. Thereafter, on or about February 17, 2021, Anderson opened a Navy Federal Credit Union ("NFCU") business checking account ending in 5721 and a NFCU business savings account ending in 9192 in the name of Thelma Lou.

3. Anderson further agrees and admits that, on or about February 4, 2021, she submitted, and caused to be submitted, to Liberty SBF Holdings, via the internet, an application for a PPP loan on behalf of Thelma Lou. Anderson admits that she is the sole member of Thelma Lou. In the PPP loan application, Anderson misrepresented Thelma Lou's payroll and gross sales information. Specifically, Anderson falsely claimed in the loan application that Thelma Lou had average monthly payroll expenses of $8,327. Anderson admits that she made this misrepresentation with the specific intent to defraud the PPP.

4. Anderson further admits that, in support of this fraudulent application, she submitted, and caused to be submitted, to Liberty SBF Holdings, a fraudulent Internal Revenue Service Form 1040, Schedule C, for Thelma Lou claiming that Thelma Lou had gross sales of $142,773 in 2019.

5. Thereafter, Anderson's fraudulent PPP loan application was approved and, on or about February 18, 2021, Liberty SBF Holding wired via ACH transfer $20,817, in fraudulent PPP proceeds, from its bank account in Virginia to the Thelma Lou JPMorgan Chase Bank account ending in 9086. Thereafter, Anderson transferred the funds into the Thelma Lou NFCU accounts.

6. Subsequent thereto, on or about October 4, 2021, Anderson applied to have her PPP loan forgiven. As part of that application, Anderson falsely claimed that she spent $17,500 of the original PPP loan amount on payroll costs. As a result, Anderson's PPP loan was forgiven.

7. The defendant agrees that she committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 1st day of July, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
THELMA MARSHELL ANDERSON
Defendant

_____
NICK OBERHEIDEN
Attorney for Defendant

_____
LYNETTE S. BYRD
Attorney for Defendant

_____
RYAN P. NIEDERMAIR
Assistant United States Attorney
Texas State Bar No. 24116828
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8600
Fax: 214-659-8812
Email: ryan.niedermair@usdoj.gov

Factual Resume—Page 4